**Baylin et ux. *v.* Sun Village Cafe, Inc., Appellant.**

Submitted November 18, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John V. Diggins,* for appellant.

*Paul Lane Ives,* for appellee.

OPINION BY STADTFELD, J., January 30, 1941:

This was a bill in equity brought in the Court of Common Pleas of Delaware County by the owners of a three-story building in the City of Chester to enjoin the operation and maintenance of an electric advertising sign which had been erected by the defendant, tenant of the first floor, on the front of the second story of the building, and to restrain the erection of further signs. An answer was filed setting forth, in defense, that the defendant was lessee of the first, second and third floors of the building. A subsequent amended answer was filed averring that there was another sign on the building when the lease was made to the defendant.

After hearing before MacDade, J., findings of fact, conclusions of law and decree nisi were filed and following argument on defendant's exceptions thereto, an opinion and final decree was entered by the said chancellor enjoining and restraining the defendant from erecting, maintaining or operating any sign which shall extend in height above the first floor of the premises. From this decree, defendant has taken this appeal.

The chancellor found that the defendant had leased from the plaintiff in October, 1936, by an agreement in writing, only the first floor and a portion of the basement; that there was no provision in the lease authorizing erection of signs; and that the sign was erected without the consent and against the objection of the plaintiffs. The chancellor also found that when defendant leased the premises, there was a smaller sign which projected horizontally from the building, over the sidewalk, from a pole extending from the second floor and kept in place by chains reaching to the third floor and by lateral bars attached to the second floor, which had been placed by a former tenant; that after defendant took possession, a brewery company put up in its place a smaller "Manz Beer" sign, two and one quarter

feet by sixteen inches, in size; that the sign in controversy, which was substituted for the "Manz Beer" sign, is a neon electric sign, five feet long and five feet three inches high; that the sign was illuminated and the words "Cafe and Bar" were displayed in glaring lights; that the maintenance and operation of the sign disturbs the tenants of the second and third floors of said building and said tenants object to the sign being maintained.

The only question involved is whether a tenant of the first floor of a three-story building was entitled to erect and maintain that advertising sign in front of the second floor of the building in the absence of any agreement with the owner for erecting and maintaining such a sign.

In the absence of express provisions in the lease or other agreement with the lessor, the tenant of a first floor of a building has no right to erect an advertising sign upon or in front of the walls of the upper floor of the building. The lower courts, in a few cases, have recognized the principle involved: *Scott v. Fox Optical Co.,* 21 P. L. J. 368; *Hoover v. Yannunzi,* 2 D. & C. 598; *Koplo v. Ettenger,* 4 D. & C. 214.

At the hearing, defendant appellant abandoned the contention that it was the lessee of the second and third floors of the building. There being no evidence of any express agreement, as the chancellor found, the defendant contends only that the mere fact of the existence of a sign in front of the second floor when he leased the first floor gave rise to an "implied license" to him to erect the present sign.

This contention is without merit because there is no evidence whatever in the record to show what arrangements may have existed, as to the extent of the leased premises or regarding erection of signs, between the owner and a former tenant. The defendant is not claiming as assignee of the pre-existing lease, for his lease

is directly with the owners, and he did not acquire rights under any earlier lease.

Appellant devotes considerable space in the brief on its behalf to the discussion of the question of whether the sign in controversy is a nuisance. We do not believe that this question is involved in the instant case. It is not a question of public or private nuisance in determining the right of the landlord to restrict the tenant to the use of the premises leased to him, it is simply a question of property rights of the parties to the contract of leasing.

We are in entire accord with the able opinion of the chancellor who heard the case.

The assignments of error are overruled and the decree of the court below is affirmed. Appellant to pay the costs.